**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

|  |  |
|---|---|
| **MCS INDUSTRIES, INC.,**<br>2280 Newlins Mill Road<br>Easton, Pennsylvania 18045,<br><br>      Plaintiff,<br><br>      v.<br><br>**MIRROTEK, LLC,**<br>3321 E. Princess Anne Road<br>Norfolk, Virginia 23502<br><br>      Defendant. | **CIVIL ACTION**<br><br>Case No. 1:23-cv-01265 TSE-JFA |

**DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant, Mirrotek, LLC ("Mirrotek"), by and through its counsel, hereby files this Answer in response to the First Amended Complaint filed by MCS Industries, Inc. ("MCS"), in the numbered paragraphs, as set forth below.

**PARTIES**

1.     In response to paragraph 1, Mirrotek lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and therefore denies the same.

2.     In response to paragraph 2, Mirrotek admits the allegations in this paragraph, except to the characterization that Mirrotek is currently selling and that the accused products are "infringing" products.

**JURISDICTION AND VENUE**

3.     In response to paragraph 3, Mirrotek admits the allegations in this paragraph.

4.     In response to paragraph 4, Mirrotek admits the allegations in this paragraph.

{02904159.1}

5.     In response to paragraph 5, Mirrotek admits the allegations in this paragraph.

6.     In response to paragraph 6, Mirrotek admits the allegations in this paragraph, except for the characterization that Mirrotek is selling "infringing" products.

## FACTS

### A.     Patent Infringement

7.     In response to paragraph 7, Mirrotek lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and therefore denies the same.

8.     In response to paragraph 8, Mirrotek lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and therefore denies the same.

9.     In response to paragraph 9, Mirrotek lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and therefore denies the same.

10.     In response to paragraph 10, Mirrotek lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and therefore denies the same.

11.     In response to paragraph 11, Mirrotek lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and therefore denies the same.

12.     In response to paragraph 12, Mirrotek admits that it sold at one time but denies it is currently selling the products listed in Exhibit C.

13.     In response to paragraph 13, Mirrotek lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and therefore denies the same.

14.     In response to paragraph 14, Mirrotek admits that it did not obtain a license under the MCS Patents, and denies the balance of the allegations herein to the effect that a license was needed.

15. In response to paragraph 15, Mirrotek admits it received the Notice letters, and denies the balance of the allegations herein.

**B.      Breach of Prior Settlement Agreement**

16. In response to paragraph 16, Mirrotek admits that MCS notified Mirrotek that Mirrotek is selling over-the-door mirrors that MCS alleged infringes its patent.

17. In response to paragraph 17, Mirrotek admits that the Settlement Agreement was entered into (but objects to MCS' publication of the Settlement Agreement, contrary to its explicit Confidentiality terms).

18. In response to paragraph 18, Mirrotek admits that the quoted words appear in the Settlement Agreement.

19. In response to paragraph 19, Mirrotek admits the allegations herein.

20. In response to paragraph 20, Mirrotek admits the allegations herein.

21. In response to paragraph 20, Mirrotek states that the Settlement Agreement speaks for itself and does not require interpretation.

22. In response to paragraph 22, Mirrotek states that the Settlement Agreement speaks for itself and does not require interpretation.

23. In response to paragraph 23, Mirrotek admits the allegations herein.

24. In response to paragraph 24, Mirrotek admits the allegations that it made the Modified Mirrotek Products commercially available at least as early as April 11, 2023.

25. In response to paragraph 25, Mirrotek admits it did not send to MCS the Modified Mirror Product, but adds that MCS advised Mirrotek's counsel that MCS procured it itself.

{02904159.1}

26.    In response to paragraph 26, Mirrotek admits it did not send to MCS the Modified Mirror Product, but adds that MCS advised Mirrotek's counsel that MCS procured it itself.

27.    In response to paragraph 27, Mirrotek denies the allegations therein because the statement states a hypothetical that lacks any connection to reality and cannot be responded to, as Mirrotek offered only modified mirrors.

28.    In response to paragraph 28, Mirrotek admits that MCS's attorneys sent Mirrotek's representative Schmiley Schick a letter providing Mirrotek notice alleging breach of the Settlement Agreement, notice alleging infringement of the '600 Patent, and a demand that Mirrotek cease and desist from importing, offering for sale, making, selling, and/or otherwise commercializing the Infringing Products in the United States.

29.    In response to paragraph 29, Mirrotek admits that MCS's attorney Brian Belles and Mirrotek's attorney Max Moskowitz had a phone call to discuss the Notice Letter.

30.    In response to paragraph 30, Mirrotek denies the allegations as characterized.

31.    In response to paragraph 31, Mirrotek denies the allegations as characterized.

32.    In response to paragraph 32, Mirrotek denies the allegations therein.

33.    In response to paragraph 33, Mirrotek states that no response is required to the allegations herein.

**COUNT I**
**DIRECT INFRINGEMENT OF US PATENT NO. 9,622,600**

34.    In response to paragraph 34, Mirrotek repeats and realleges its responses to the allegations of the foregoing paragraphs as if fully set forth herein.

35.    In response to paragraph 35, Mirrotek denies the allegations in this paragraph.

36.    In response to paragraph 36, Mirrotek denies the allegations in this paragraph.

37.    In response to paragraph 37, Mirrotek admits that it received the Notice Letter.

{02904159.1}

38.     In response to paragraph 38, Mirrotek denies the allegations in this paragraph.

39.     In response to paragraph 39, Mirrotek denies the allegations in this paragraph.

40.     In response to paragraph 40, Mirrotek denies the allegations in this paragraph.

41.     In response to paragraph 41, Mirrotek denies the allegations in this paragraph.

42.     In response to paragraph 42, Mirrotek denies the allegations in this paragraph

## COUNT II
## INDUCED INFRINGEMENT OF THE '600 PATENT

43.     In response to paragraph 43, Mirrotek repeats and realleges its responses to the allegations of the foregoing paragraphs as if fully set forth herein.

44.     In response to paragraph 44, Mirrotek denies the allegations in this paragraph.

45.     In response to paragraph 45, Mirrotek admits it received the letter, but denies that the Mirrotek Modified Mirror Products infringe on the '600 patent.

46.     In response to paragraph 46, Mirrotek denies the allegations in this paragraph.

47.     In response to paragraph 47, Mirrotek denies the allegations in this paragraph.

48.     In response to paragraph 48, Mirrotek denies the allegations in this paragraph.

49.     In response to paragraph 49, Mirrotek denies the allegations in this paragraph.

50.     In response to paragraph 50, Mirrotek denies the allegations in this paragraph.

51.     In response to paragraph 51, Mirrotek denies the allegations in this paragraph.

## COUNT III
## CONTRIBUTORY INFRINGEMENT OF THE '600 PATENT

52.     In response to paragraph 52, Mirrotek repeats and realleges its responses to the allegations of the foregoing paragraphs as if fully set forth herein.

53.     In response to paragraph 53, Mirrotek denies the allegations in this paragraph.

54.     In response to paragraph 54, Mirrotek denies the allegations in this paragraph.

{02904159.1}

55. In response to paragraph 55, Mirrotek admits it received the letter, but denies that the Mirrotek Modified Mirror Products infringe on the '600 patent.

56. In response to paragraph 56, Mirrotek denies the allegations in this paragraph.

57. In response to paragraph 57, Mirrotek denies the allegations in this paragraph.

58. In response to paragraph 58, Mirrotek denies the allegations in this paragraph.

59. In response to paragraph 59, Mirrotek denies the allegations in this paragraph.

60. In response to paragraph 60, Mirrotek denies the allegations in this paragraph.

61. In response to paragraph 61, Mirrotek denies the allegations in this paragraph.

**COUNT IV**
**DIRECT INFRINGEMENT OF US PATENT NO. 11,771,245**

62. In response to paragraph 62, Mirrotek repeats and realleges its responses to the allegations of the foregoing paragraphs as if fully set forth herein.

63. In response to paragraph 63, Mirrotek denies the allegations in this paragraph.

64. In response to paragraph 64, Mirrotek denies the allegations in this paragraph.

65. In response to paragraph 65, Mirrotek admits it received the letter, but denies that the Mirrotek Modified Mirror Products infringe on the '245 patent.

66. In response to paragraph 66, Mirrotek denies the allegations in this paragraph.

67. In response to paragraph 67, Mirrotek denies the allegations in this paragraph.

68. In response to paragraph 68, Mirrotek denies the allegations in this paragraph.

69. In response to paragraph 69, Mirrotek denies the allegations in this paragraph.

70. In response to paragraph 70, Mirrotek denies the allegations in this paragraph.

{02904159.1}

## COUNT IV
## BREACH OF CONTRACT

71.     In response to paragraph 71, Mirrotek repeats and realleges its responses to the allegations of the foregoing paragraphs as if fully set forth herein.

72.     In response to paragraph 72, Mirrotek admits the allegations therein.

73.     In response to paragraph 73, Mirrotek denies the allegations in this paragraph.

74.     In response to paragraph 74, Mirrotek states that the terms of the Settlement Agreement are clear, speak for themselves and do not require restating as in this paragraph.

75.     In response to paragraph 75, Mirrotek denies that it breached the Settlement Agreement in a manner alleged in this paragraph.

## DAMAGES AND PERMANENT INJUNCTION

76.     In response to paragraph 76, Mirrotek denies the allegations in this paragraph.

77.     In response to paragraph 77, the allegations herein required no response.

78.     In response to paragraph 78, Mirrotek denies the allegations in this paragraph.

79.     In response to paragraph 79, Mirrotek denies the allegations in this paragraph.

80.     In response to paragraph 80, the allegations herein require no response.

81.     In response to paragraph 81, Mirrotek denies the allegations in this paragraph.

82.     In response to paragraph 82, Mirrotek denies the allegations in this paragraph.

## AFFIRMATIVE DEFENSES

A.      None of the patent claims of the '600 and '245 Patent read on the Mirrotek products asserted to infringe thereon.

B.      None of the patent claims of the '600 and '245 Patent asserted herein are valid, at least for being obvious over the prior art.

{02904159.1}

C.      The Settlement Agreement referenced in the Amended Complaint cited U.S. Patent Nos. 10,959,546, 10,835,061, 9,801,478, 9,480,350, 9,386,867, 9,060,627, 8,746,644, and 8,534,627, none of which are asserted herein. Notably, neither one of the '600 and '245 patents herein are so much as mentioned in the Settlement Agreement.

D.      The Modified Mirrotek Product which is the accused product herein is structurally, functionally and visually unlike anything remotely shown, disclosed or capable of being claimed in and/or vis-à-vis anything shown in Plaintiff's patents mentioned herein including all of U.S. Patent Nos. 10,959,546, 10,835,061, 9,801,478, 9,480,350, 9,386,867, 9,060,627, 8,746,644, and 8,534,627, as well as the '600 and '245 patents, as should be apparent from the appearance thereof shown below.

E.      Subjectively and objectively recognizing that it does not have a patent that covers the structure and functionality of the Modified Mirrotek Product, Plaintiff pursued further patent claims vis-à-vis the application that resulted in the '245 patent, the contents of which were first

{02904159.1}

disclosed to the U.S. Patent and Trademark Office in 2010, or close to 14 years ago and presented hollow words that do not read on the Modified Mirrotek Product.

F.      The interpretation that Plaintiff ascribes to its asserted patent claims are legally untenable as their scope is such that it reads on the prior art, rendering said claims invalid.

## JURY DEMAND

Mirrotek hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure on all issues so triable.

## PRAYER FOR RELIEF

Mirrotek respectfully requests that the Court find in its favor and against MCS, and that the Court grant Mirrotek the following relief:

(a)      A judgment in favor of Mirrotek that Mirrotek has not directly infringed the '600 Patent, and/or that Mirrotek has not indirectly infringed the '600 Patent by way of inducing and/or contributing to the direct infringement by its customers;

(b)      A declaration by this Court that this is an exceptional case and including an award to Mirrotek of their reasonable attorneys' fees and costs in accordance with 35 U.S.C. §285;

(c)      A judgement in favor of Mirrotek has not breached the Settlement Agreement; and

(d)      Any and all further relief that this Court deems just and proper.

{02904159.1}

Dated: December 20, 2023        Respectfully Submitted,

/s/ Max Moskowitz
Max Moskowitz (pro hac vice application forthcoming)
OSTROLENK FABER LLP

and

*/s/* Martin J. A. Yeager
Martin J. A. Yeager, VSB 38303
LAND, CARROLL & BLAIR, P.C.
524 King Street
Alexandria, Virginia 22314
E-mail: myeager@landcarroll.com
Telephone: (703) 836-1000
Facsimile: (703) 549-3335

*Attorneys for Defendant, Mirrotek, LLC*

{02904159.1}

# CERTIFICATE OF SERVICE

I hereby certify that on this December 20, 2023, I caused a true and correct copy of

**DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** to be

filed via the Court's CM/ECFelectronic filing system, which will notify all counsel of record

pursuant to the Federal and local rules in this action.


/s/ Max Moskowitz
Max Moskowitz (pro hac vice application forthcoming)
OSTROLENK FABER LLP

and

*/s/* Martin J. A. Yeager
Martin J. A. Yeager, VSB 38303
LAND, CARROLL & BLAIR, P.C.
524 King Street
Alexandria, Virginia 22314
E-mail: myeager@landcarroll.com
Telephone: (703) 836-1000
Facsimile: (703) 549-3335

*Attorneys for Defendant, Mirrotek, LLC*

{02904159.1}