**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

MCS INDUSTRIES, INC.,                      )
    Plaintiff,                              )
                                )
          v.                               )  **Civil Action No. 1:23-cv-1265**
                                )
MIRROTEK, LLC,                             )
    Defendant.                              )
                                )
                                )
                                )
                                )

## ORDER

The following deadlines shall govern the disposition of this case:

A Fed. R. Civ. P. 16(b) **PRETRIAL CONFERENCE** will be held on **Wednesday, January 24, 2024 at 11:00 a.m.** before the assigned United States Magistrate Judge. The parties shall confer prior to the Rule 16(b) conference (i) to consider the claims, defenses, possibilities of a prompt settlement or resolution of the case, and trial before the magistrate judge, (ii) to arrange for the disclosures required by Rule 26(a)(1), and (iii) to develop a discovery plan which will **COMPLETE DISCOVERY** on or before **Friday, May 3, 2024.**[1] The parties must file their proposed discovery plan by the Wednesday preceding the Rule 16(b) conference.

Discovery may begin upon receipt of this order. A party may not exceed five (5) non-party, non-expert witness depositions nor serve on any other party more than thirty (30) interrogatories, including parts and subparts, without leave of court.

All **DISPOSITIVE MOTIONS** must be filed on or before **Friday, May 10, 2024.**[2]

---

[1] Both fact and expert discovery must be completed on or before this deadline; thus, the parties must disclose expert testimony and file the appropriate reports at least fifty (50) days before the close of discovery. All other deadlines not specifically addressed by this Scheduling Order are governed by the Federal Rules of Civil Procedure; however, these deadlines are cut in half to accommodate this expedited schedule.

[2] All summary judgment issues shall be presented in the same pleading unless leave of court is first obtained. As required by Local Civil Rule 56, each brief in support of a motion for summary judgment must include a separately captioned section with the brief listing, in number-paragraph form, each material fact that the movant contends is undisputed with appropriate citations to the record. A brief in opposition to a motion for summary judgment must include a separately captioned section within the brief addressing, in numbered-paragraph form corresponding to the movant's section, each of the movant's enumerated facts and indicating whether the non-movant admits or disputes the fact with appropriate citations to the record. The Court may assume that any fact identified by the movant as undisputed in the movant's brief that his not specifically controverted in the non-movant's brief in the manner set forth above is admitted for the purpose of deciding the motion for summary judgment.

The deadlines for responses and replies are governed by local rule.

The parties must notice a hearing on any dispositive motions for **Friday, June 14, 2024 at 10:00 a.m.**

In the event the parties do not file dispositive motions, the **FINAL PRETRIAL CONFERENCE** will be held on **Thursday, June 13, 2024 at 4:00 p.m.**

If the parties do file dispositive motions, and a final pretrial conference is still necessary, the **FINAL PRETRIAL CONFERENCE** will be held on **Thursday, August 1, 2024 at 4:00 p.m.**

Each party shall be represented at the final pretrial conference by at least one attorney who will try the case.

Additionally, at least fourteen (14) days before the final pretrial conference the parties must file: (i) all remaining pretrial motions, including *in limine* and *Daubert* motions;[3] (ii) Rule 26(a)(3) disclosures; (iii) a list of the exhibits to be used at trial; (iv) a list of the witnesses to be called at trial; and (v) a written stipulation of uncontested facts.  Objections to exhibits must be filed three (3) days before the conference; otherwise the exhibits shall stand admitted in evidence. The original exhibits shall be delivered to the clerk as provided by Local Rule 79(A).  Non-expert witnesses and exhibits not so disclosed and listed will not be permitted at trial except for impeachment or rebuttal, and no person may testify whose identity, being subject to disclosure or timely requested in discovery, was not disclosed in time to be deposed or to permit the substance of his knowledge and opinions to be ascertained.

At least seven (7) days before the final pretrial conference, the parties must complete all settlement and/or mediation efforts.

The trial of this case will be set for a day certain, within 2-8 weeks of the final pretrial conference.  Proposed *voir dire* questions and jury instructions are due seven (7) days before the start of trial.

PERSONAL IDENTIFIERS MUST BE REDACTED FROM ALL PUBLICLY FILED PLEADINGS AND EXHIBITS IN ACCORDANCE WITH LOCAL RULE 7(C).

Alexandria, Virginia
January 5, 2024

/s/

Leonie M. Brinkema
United States District Judge

---

purpose of deciding the motion for summary judgment.

[3] An expedited briefing schedule shall apply to *in limine* and *Daubert* motions. Specifically, the non-moving party shall have seven (7) days to respond to *in limine* or *Daubert* motions, and the moving party shall have three (3) business days to file any reply.